**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:15-cv-24456-JAL

RAUL P. ROQUE,
and other similarly situated individuals,

    Plaintiff,
v.

RESTAURANT COLLECTION, INC.,
R.F. RESTAURANTS, INC.,
DENNY'S INC., and
ALFONSO FERNANDEZ,

    Defendants.
_____/

**JOINT *AMENDED* MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE**

The Parties, by and through undersigned counsel, file this Joint *Amended* Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and respectfully state as follows:

Plaintiff filed a lawsuit against Defendants, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), by failing to properly compensate Plaintiff for all hours Plaintiff worked for Defendants, overtime, and unpaid minimum wages. Defendants deny Plaintiff's allegations.

On January 5, 2016, the Parties filed a Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice [DE 14]. On January 6, 2016, the Court entered an Order [DE 15] that denied the Joint Motion, found that there was an ambiguity as to the amount reflected on the Settlement Agreement, and allowed

the Parties to rectify the issue. Accordingly, the Parties rectify the Settlement Agreement and Joint Motion as follows:

The parties have negotiated a settlement in this FLSA action. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the settlement agreement that is attached hereto as Exhibit "A," is contingent on this Court's approval.

Based upon the defenses, Plaintiff potentially may not have recovered anything had this litigation continued, his recovery could be less than what is claimed in the Complaint and the Statement of Claim, or he may have owed a cost judgment to the Defendants. Similarly, the Defendants may potentially fail on all defenses and be indebted to Plaintiff for a Judgment, in part or in whole, and potentially including liquidated damages and attorney's fees. Consequently, the parties recognize the inherent uncertainty in proceeding with this action, the investiture of additional time to continue to litigate this case, the preoccupation of litigation and an additional expenditure of fees and costs that will accrue, the parties have agreed to a settlement amount.

The amount paid to Plaintiff is not compromised by amount of attorneys' fees being paid. The Plaintiff's attorneys' fee was agreed upon as a separate amount and not with regard to the total amount paid in settlement of this claim. Defendants were, and are, unaware of the terms of the fee arrangement between Plaintiff and their counsel but state that the amount to be paid to Plaintiff was presented and is identified separately from the amount to be paid to Plaintiffs' attorney.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350.  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

The parties are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  The parties stipulate to the dismissal with prejudice of the instant action upon such court approval. Accordingly, the parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Lynn's Food Stores, Inc.* at 1354.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice pursuant to the parties stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

Dated: January 11, 2016

/s/ Rainier Regueiro
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Rainier Regueiro, Esq.
Florida Bar no. 115578
REMER & GEORGES-PIERRE, PLLC
Attorney for Plaintiff
44 West Flagler St., Suite 2200
Miami, FL 33130
Tel: 305-416-5000
Fax: 305-416-5005

/s/ Todd S. Aidman
Todd S. Aidman, Esq.
Florida Bar No. 173029
FORD HARRISON
*Attorneys for Denny's Inc.*
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone: 813-261-7840
taidman@fordharrison.com

/s/ Rene Gonzalez-LLorens
Rene Gonzalez-LLorens, Esq.
Florida Bar No. 53790
SHUTTS & BOWEN LLP
Attorney for *Restaurant Collection, Inc., R.F. Restaurants, Inc., and Alfonso Fernandez*
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7337
Facsimile: (305) 347-7837

MIADOCS 12211327 1